Hobbs
v.
Whitney and
Parker.

Isaac Hobbs, Assignee of Bell, Sheriff,
*against*
Silas Whitney and Jonathan Parker,
Junior.

DEBT on gaol bond.

The plaintiff declared upon a bail-bond executed by the defendants to the sheriff of *Rutland* County, as keeper in chief of the County gaol, conditioned that *Silas Whitney*, a prisoner confined upon an execution which issued in favour of the plaintiff, upon a judgment rendered by the Supreme Court of Judicature, *July* adjourned term, 1798, for 174 dollars debt and costs; and then alleged an escape on the 18th of *April*, 1801, and an assignment of the bond *October* following, under the statute.

The defendants pleaded in bar, *in substance*, that before the escape and assignment of the bail-bond, to wit, on the 18th of *April*, 1801, the plaintiff, with a fraudulent design to charge the bail, enticed the prisoner to depart the liberties, and that he gave his consent thereto, and this is the escape alleged, &c.

To this plea there was a traverse, and issue to the Jury.

Whenever a prisoner for debt is admitted to the liberties of the prison, and a bond with surety taken to indemnify the sheriff, the *least inducement*, or even countenance given by the creditor to the departure of the prisoner from the liberties, is a good bar to an action on the bail-bond, when the escape is assigned in breach.

In support of the plea the defendant offered the following instrument.

*Rutland, April* 18th, 1801.

This certifies, that if Mr. *Silas Whitney* settles an execution against him on which he is imprisoned, in *Isaac Hobbs's* name, I agree, if the sum and costs, with the interest after judgment, is made to me by the 20th of *June* next, one hundred dollars in neat

cattle at cash price, the other in good notes on demand to be delivered to me at or before the first of *June* next, *I will take no advantage of the bail.*

             Witness my hand,

                    *Daniel Marsh.*

Attest, *Stephen Williams.*

It was conceded, that *Marsh* was the agent of *Hobbs*, and it was proved by the subscribing witness, that on this instrument being signed, *Silas Whitney* paid *Marsh* ten dollars, which was endorsed on the bail-bond, and departed the liberties of the prison in his company. The question made is, whether the contract in this instrument should discharge the bail.

The Court, in charge to the Jury, observed, that the statute which provided for the admission to the liberties of the prison, is a humane act, enacted for the relief of the unfortunate; that many benevolent persons, as in the present case, to relieve a prisoner from close confinement, would execute a bail-bond *as surety*, without counter security, or any reliance except upon the fidelity of the prisoner, and this in cases where to respond the judgment an escape would operate the ruin of their fortunes. It would be an injury to poor prisoners, and tend to defeat the merciful intent of the statute, if their creditors could in any way induce them to depart the liberties, and saddle their debts on their bail.

The Court considered, that the provision in the instrument read in evidence, that no advantage should be taken of the bail until a certain day, implied a consent in the plaintiff's agent, which is his own con-

<div style="text-align:right">Hobbs<br>v.<br>Whitney and<br>Parker.</div>

sent, that the prisoner might depart the liberties, and the Court would have it understood as law, that whenever a prisoner for debt is admitted to the liberties of the prison, and a bond with surety taken to indemnify the sheriff, the least inducement, or even countenance given by the creditor to the departure of the prisoner from the liberties, is a good bar to an action on the bail-bond, when the escape is assigned in breach.

<div style="text-align:center">Verdict for the defendants.</div>

*John Cook*, for plaintiff.
*Nathan B. Graham*, for defendants.